COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-325-CR

JOHN ROLAND LAIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant John Roland Lain complains in two points that the trial court violated Article 33.03 of the Texas Code of Criminal Procedure when conducting voir dire and that his trial counsel failed to provide effective assistance.  We affirm.

II.  Factual and Procedural Background

Lain was indicted on February 1, 2006, for the felony offense of driving while intoxicated, having previously been convicted twice for the same offense. Lain’s indictment contained one enhancement count and one habitual count, enhancing the punishment range to twenty-five to ninety-nine years’ incarceration. 

Lain’s jury trial began on August 7, 2006.  In the 355th Judicial District Court’s jury trial week, all juries are selected on Monday, with multiple trials following later throughout the week.  A previous voir dire regarding another case involving a substantial number of the jury panel members, and involving the same prosecutor, was held earlier on the day of the beginning of Lain’s trial. Lain’s trial counsel attended that morning voir dire session, but Lain was not present.  Lain’s trial counsel did not raise any objection to the manner in which the trial court conducted the voir dire in Lain’s subsequent afternoon trial, nor did he make any objections regarding Lain’s absence from the morning session.

Lain pleaded not guilty to the charge of felony DWI, and he stipulated to two previous convictions for DWI.  As the trial got underway, the State called Granbury police officer Clifton Andrews.  Officer Andrews testified he stopped Lain for driving at a high rate of speed, sixty-three miles per hour in a forty-five miles per hour zone, and for crossing the lane dividing line twice.  He also said that Lain smelled like alcohol, had slurred speech, and was swaying back and forth while standing.  Officer Andrews administered the field sobriety tests and testified that during the HGN field sobriety test, Lain stated, “What you’re going to do is bust my ass.”  Officer Andrews testified that Lain failed all the field sobriety tests and that the officers concluded that Lain “was intoxicated, not having the normal use of his mental or physical faculties by reason of introduction of alcohol into his body,” and placed Lain under arrest.  He related that Lain refused to provide Officer Andrews a sample of his breath or blood.  The State introduced a videotape from another unit at the scene, and it was admitted without objection.

Under cross-examination, the arresting officer was questioned extensively about the field sobriety tests, including other causes of nystagmus, other types of nystagmus, and other factors that might affect the HGN testing.  The officer was also examined regarding questions about the one-leg stand and about the nine-step walk-and-turn test.  At the conclusion of cross-examination, the arresting officer admitted that it was possible that someone could fail all field sobriety tests even if they were sober.

On redirect, the officer testified, without objection, that he had no reasonable doubt as to whether Lain was intoxicated, but he again admitted on recross that it was possible he was wrong.

Lain called one witness, his brother, Terry Lain, who testified about the amount of work that Lain had been involved with prior to his arrest and that he had injured his foot on the job.  However, his testimony about the injury was limited by the State’s objections regarding his qualifications to offer those opinions.  He also testified that his brother had sustained a severe eye injury at work.  After deliberation, the jury found Lain guilty of the DWI charge, and the punishment phase of trial began.

The jury heard evidence that Lain had previous DWI convictions and had been to prison three times.  During this phase of the trial, the State recalled the arresting officer and  introduced without objection documents confirming all of Lain’s previous DWI convictions.  Lain’s trial counsel did not cross-examine the witness.

The defense called two of Lain’s siblings: the brother who had previously testified, Terry Lain; and a sister, Tracey Lain Simpson.  Terry testified that Lain had gotten close to his family only after the passing of another brother, that he had lately shown himself to be a good, hard-working man, and that over the past two years, until just recently, Lain had been doing well.  He stated that he did not believe incarceration had assisted his brother on previous occasions. Lain’s sister testified that she would assist in helping Lain upon release to get needed help with his alcohol problem.

The jury assessed Lain’s punishment at fifty years’ confinement.  This appeal followed.

III.  Voir Dire

In his first point, Lain posits his initial issue to the court as follows: 

The question posed, therefore, is whether allowing the same prosecutor to conduct back-to-back voir dires involving many of the same prospective jury members amounts to a deprivation of Appellant’s right to be present at all parts of his trial as required by Article 33.03, Texas Code of Criminal Procedure, and, if, in the instant case, Article 33.03 was violated, was this particular Appellant harmed thereby.

Lain then argues his point thusly:

In the case at bar, whether or not trial counsel was present during the questioning of those jurors in the preceding jury selection process that became a part of Appellant’s venire panel, Appellant was denied the opportunity to observe that prior selection and could not, thereby, assist in assessing the qualifications of those persons whose answers in the previous proceeding were used by the State in his jury selection process.  Appellant was harmed by having a substantial portion of the State’s questioning of his venire panel being conducted in a voir dire proceeding which he was unable to attend.

Lain’s reliance on Article 33.03 of the Texas Code of Criminal Procedure is misplaced.  The pertinent part of the article states that “[i]n all prosecutions for felonies, the defendant must be personally present at the trial . . . .”  
Tex. Code Crim. Proc. Ann.
 art. 33.03 (Vernon 2006).  There is no showing that Lain was absent from the voir dire of his own trial or limited in any way, but he urges this court to, in essence, hold that the voir dire in another individual’s trial involving some of the same venire members is the same as voir dire in his own trial.

In 
Adanandus v. State
, 866 S.W.2d 210 (Tex. Crim. App. 1993),
 cert. denied
, 510 U.S. 1215 (1994), the defendant was ill and decided to remain in his cell rather than come to trial during the voir dire stage.  As a result, he was not present during the voir dire of eight venirepersons.  Subsequently, a second voir dire was conducted with these eight people after the State informed the court that it had come to the conclusion that the absence of the defendant during the voir dire of the previous day violated Article 33.03 of the Texas Code of Criminal Procedure.  On appeal, the court held,

Article 33.03 provides that a defendant must be present during trial and may not voluntarily absent himself until after voir dire.  We hold that the [a]rticle 33.03 was satisfied here.  Appellant’s absence for part of the voir dire examination was essentially “undone” due to re-examination in appellant’s presence of the eight venirepersons that had been voir dired in his absence.  Because appellant was provided the opportunity to fully voir dire in his presence each of the venirepersons who were previously voir dired in his absence, the purposes of the statute were met and no error occurred.

Id
. at 217. 

Lain cites no authority validating his position and, based on the 
Adanandus
 case and a plain reading of the statute, we decline to adopt Lain’s interpretation of the statute.  

Lain also briefly urges in two sentences that his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution were violated.  However, there is no discussion or application of the amendments or case law to the facts at hand, and as such, we cannot discern how this argument differs from the previous argument concerning Article 33.03 or why any analysis of these amendments would yield a different result.  

Lain’s first point is overruled.

IV.  Assistance of Counsel

In his second point, Lain asserts that his trial counsel was ineffective by failing to object to the voir dire process, which involved some venire members from a previous trial who had been examined by the same prosecutor.  Under 
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), Lain must show that (1) counsel’s performance fell below an objective standard of reasonableness and (2) but for counsel’s unprofessional error, there is a reasonable probability that the result of the proceedings would have been different.  
Id
.  Since we have found no error in the voir dire process, and hence no error on the part of trial counsel in failing to object, the 
Strickland 
test is not met and Lain’s second point is overruled.

V.  Conclusion

Having overruled Lain’s two points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 16, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.